UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 14-CV-20865-WILLIAMS

MONALISA HERNANDEZ,

    Plaintiff,

vs.

R.S 1040 EZ INCORPORATED,
and JIMMY CHERENFANT,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Judgment [D.E. 21].

On March 6, 2014, Plaintiff filed this action under the Fair Labor Standards Act seeking $5,731.43 in unpaid wages and liquidated damages [D.E. 1-1]. On January 23, 2015, Plaintiff filed a notice of her acceptance of Defendant's Offer of Judgment under Fed. R. Civ. P. 68 [D.E. 17]. According to the terms of the Offer, Defendants agreed to a judgment in the amount of $500 as to "all claims for relief" and "all costs and attorney's fees" [D.E. 17-1]. The Court then issued an Order notifying Plaintiff that any reduction of the settlement for attorneys' fees and costs must be approved by the Court as part of a fairness analysis under *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) [D.E. 19 n.1].

In response, Plaintiff filed a Motion for Entry of Judgment in which Plaintiff asserted that (1) "there is no settlement agreement"; (2) the entire amount of the offer is

intended to cover the costs incurred by Plaintiff's counsel[1]; (3) and Plaintiff understood and agreed that, by accepting the Offer, she would receive nothing toward her claim and the full amount of the offer would be applied to counsel's litigation costs [D.E. 21]. Plaintiff has also submitted an affidavit affirming that she agreed to accept the Offer of Judgment and apply the funds to reimburse the costs incurred by her counsel [D.E. 24].

As an initial matter, the Court finds that, contrary to Plaintiff's position, a Plaintiff's acceptance of an Offer of Judgment under Rule 68 does in fact constitute a settlement. *See, e.g., Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 601-2 (N.D. Ga. 2014) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 349-50 (1981)) (noting that the "Supreme Court has characterized a Rule 68 offer of judgment as a 'formal settlement offer'" and the "'purpose of Rule 68 is to encourage the settlement of litigation'"). Accordingly, the Court must make an independent determination that the Offer of Judgment as accepted represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. The FLSA also "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under the settlement agreement." *Silva v. Miller*, 307 F.App'x 349, 350 (11th Cir. 2009).

In opposing Plaintiff's claims, Defendants asserted several affirmative defenses, including a defense that the FLSA was inapplicable because their business activity did not exceed $500,000 in gross revenue [D.E. 7]. Defendants also asserted that Plaintiff was an independent contractor. *Id.* Given these defenses, Plaintiff could have made a

---

[1] The settlement amount will not cover the entirety of the litigation costs. According to Plaintiff's counsel, the costs consisted of the $400.00 filing fee and $123.00 for service of process.

reasonable valuation of her claim and determined that there was a genuine risk that she would recover nothing if she proceeded to trial. The Court therefore finds that the proposed settlement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

Plaintiff's counsel is not collecting any fee under the settlement. The Court therefore finds that there is no risk of a conflict of interest under the terms of the agreement.

For the reasons stated above, the Court finds that the settlement as described in the Offer of Judgment is fair and reasonable under *Lynn's Food*, and Plaintiff's Motion for Entry of Judgment [D.E. 21] is GRANTED. Pursuant to Fed. R. Civ. P. 58, the Court will enter Judgment in a separate Order.

DONE AND ORDERED in Chambers, at Miami, Florida, this 2// day of February, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE